UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DONALD J. TRUMP, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:21-cv-02769 (TSC) |
| | * | |
| BENNIE G. THOMPSON, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

* * * * * * * * * * * * *

**RENEWED CONSENT MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

Government Information Watch, National Security Counselors, and Louis Fisher (collectively "Movants") respectfully move this Court for leave to participate as *amici curiae*[1] in opposition to Plaintiff Donald J. Trump's Motion for a Preliminary Injunction, Dkt. #5 (filed Oct. 19, 2021). All parties consent to this filing, with one caveat described below. A proposed Order is submitted with this Motion.

On 18 October 2021, Plaintiff filed this case. The following day, Plaintiff requested a preliminary injunction, citing the fact that the National Archives and Records Administration has stated that it will release the records in question on 12 November. (*Id.* at 2.) On 20 October, this Court directed the parties to meet and confer and propose a briefing schedule no later than 5:00 PM on 21 October. Earlier this morning the parties proposed a briefing schedule, in which

---

[1] Other organizations and/or individuals have expressed conditional interest in joining the brief before it is filed, and so this motion is implicitly for leave for all signatories of the brief to appear before the Court, not just the two organizations and one individual named herein. Due to the accelerated briefing process necessitated by Plaintiff's Motion for a Preliminary Injunction and the effect this Motion may have on the briefing schedule, Movants chose to file this Motion as soon as possible with only three signatories rather than waiting until after the brief was finalized and all signatories gave their approval.

Defendants will file their opposition on 29 October and Plaintiff will file his reply on 2 November. (J. Stat. Rep., Dkt. #6, at 1 (filed Oct. 21, 2021).)

Movants—and the larger class of potential *amici curiae* whom they represent—are divided into two categories: (1) non-profit organizations organized under Section 501(c)(3) of the Internal Revenue Code which specialize in, *inter alia*, government transparency and accountability issues; and (2) law professors and/or scholars who teach, research, and/or write about topics related to executive privilege or the Presidential Records Act. Movants have significant experience in this area and extensive knowledge about the issues that can assist the Court in reaching the correct resolution of this matter. For example, movant Louis Fisher has written and testified numerous times on questions of executive privilege, *e.g.*, Executive Privilege, http://www.loufisher.org/ep.html (last accessed Oct. 26, 2021), and the undersigned, Executive Director of movant National Security Counselors, is regularly consulted by journalists on issues of executive privilege and the Presidential Records Act, *e.g.*, Jill Lepore, *Will Trump Burn the Evidence*, New Yorker (Nov. 23, 2020), *at* https://www.newyorker.com/magazine/2020/11/23/will-trump-burn-the-evidence (last accessed Oct. 26, 2021). Therefore, on behalf of themselves and other similarly situated potential signatories of the intended *amici curiae* brief, Movants seek to share their relevant knowledge with the Court in response to Plaintiff's motion for a preliminary injunction. Because of the collective experience and knowledge Movants can bring to this matter, the Court should grant this Motion.

An *amici curiae* brief is desirable from Movants because this case involves complicated and unresolved legal questions, the outcome of which will have profound effects not just on this case but on government transparency and American democracy moving forward. Specifically,

the extent to which a former president may assert executive privilege is unclear, and it is especially unclear how any court should balance the interests involved in a case like this one. After the Presidential Records Act was amended in 2014, this is the first time a former president has invoked 44 U.S.C. § 2208(c)(2)(C) to ask a court for judicial review of an incumbent president's decision not to invoke executive privilege over a set of the former president's records. Because Movants in category (1) can provide important perspective on the good government and government transparency interests involved, and Movants in category (2) can likewise provide a fuller perspective on the areas of law involved and the historical and governmental context within which this case arises, Movants' collective proposed contribution would be both helpful and critical for this Court to properly assess how this specific dispute should be resolved.

Moreover, because of the Movants' expertise and specialization in these fields, neither party in this case adequately represents the position that Movants intend to offer. The outcome of this case will determine not only how the congressional investigation into January 6th is resolved, but also how all future former presidents can, or cannot, successfully assert executive privilege using § 2208(c)(2)(C). Such an important question should be decided with due consideration of relevant interest groups, not just the interests of Congress and the former president, and Movants represent two groups whose interests are clearly relevant to this question's resolution.

As noted above, Movants are filing this Motion without attaching the proposed brief solely due to the accelerated course of this litigation. Since they support Defendants in this matter, it is appropriate for Movants to file their *amici curiae* brief after Defendants have filed their opposition to Plaintiff's motion, so that they may minimize the unnecessary duplication of

arguments made by Defendants. *See*, *e.g.*, D.C. Cir. R. 29(a)(6) ("An *amicus curiae* must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed."). To minimize the impact on the parties' proposed schedule, Movants request that their *amici curiae* brief be due on Sunday, 31 October.

Defendants consent to this filing. Plaintiff's counsel has indicated that Plaintiff consents to the filing of an *amici curiae* brief, but only "as long as it is filed by the date set for the Defendants' briefs and as long as it does not otherwise affect the briefing schedule agreed to by the parties." For the reasons presented above, Movants do not agree with this restriction and respectfully ask the Court to allow their participation and order that their *amici curiae* brief be filed no later than 31 October 2021.

Date:   October 26, 2021

                                        Respectfully submitted,

                                         /s/ Kelly B. McClanahan
                                        Kelly B. McClanahan, Esq.
                                        D.C. Bar #984704
                                        National Security Counselors
                                        4702 Levada Terrace
                                        Rockville, MD 20853
                                        301-728-5908
                                        240-681-2189 fax
                                        Kel@NationalSecurityLaw.org

                                        *Counsel for Movants*