**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DONALD J. TRUMP,

              Plaintiff,

    v.

BENNIE G. THOMPSON, *et al.*,

              Defendants.

Civil Action No. 1:21-cv-2769 (TSC)

**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF FORMER MEMBERS OF
CONGRESS AS *AMICI CURIAE* IN OPPOSITION TO PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION**

*Amici curiae* are a bipartisan group of 66 former members of Congress, both Republicans

and Democrats. They respectfully move for leave to file the attached brief in the above-captioned

matter in support of Defendants. The Plaintiff and the Defendants do not object to *amici*'s motion.[1]

A copy of the proposed brief and a proposed order are attached. A full listing of *amici* appears in

Appendix A of the proposed brief.

       As former Members of Congress with decades of legislative experience but no personal

political stakes in the present dispute, *amici* are uniquely positioned to offer the Court an informed

perspective on the singular importance and necessity of the Select Committee to Investigate the

January 6th Attack on the United States Capitol's (the "Select Committee") requests for records

and the equities of Donald Trump's pending motion for a preliminary injunction. *Amici* have

served an aggregate of more than 850 years in Congress and hail from 34 States. Some of the *amici*

have served in leadership positions in their respective party caucuses, including as Majority Leader

---

[1] Defendant U.S. House Select Committee consents to *amici*'s motion. Plaintiff and the remaining
Defendants, through their respective counsel, stated that they do not oppose *amici*'s motion.

and Chair of the Committee on Oversight & Government Reform. One of the *amici* is the current Chair of the Board of Directors of the U.S. Office of Congressional Ethics. Some have gone on to serve in the Executive Branch, including as Under Secretary of State for Democracy and Global Affairs, and are particularly well-versed in matters of Congressional oversight of the Executive. All of *amici* are intimately familiar with the legislative process at the heart of this case.

In his complaint and motion for preliminary injunction, Donald Trump asks the Court to enjoin the Select Committee from obtaining records reflecting his and his aides' actions in the months leading up to and the on the day of the January 6th attack because Congress supposedly does not need those records. He is wrong.

*Amici* disagree on many issues of policy and politics, but all *amici* agree that the American people, acting through their elected representatives in Congress, have an overwhelming interest in preventing another armed attack on the United States Capitol and any disruption to the peaceful transfer of presidential power. The January 6th attack—and not the document requests necessary to investigate it—is the only grave threat to the Constitution before the Court. As in the aftermath of the 9/11 terrorist attacks, a congressional investigation and remedial legislation are plainly warranted and necessary to protect the Constitution from future assaults on our democracy. *Amici* can explain why, given (1) the novelty of, and the unknown unknowns about, what happened before, on, and after the January 6th attack, and (2) the uniquely dangerous threat any disruption to the peaceful transfer of presidential power poses to our democracy, Congress must have access to the presidential records the Select Committee seeks in order to tailor remedial legislation to current and future threats to the peaceful transfer of power.

* * *

2

Each of the *amici* swore an oath to protect the Constitution; each has seen firsthand how congressional investigations serve to safeguard American ideals and institutions; and each firmly believes that defending Congress's full panoply of legislative power is essential to preserving democracy's promise that the American government is of, for, and by the People. Congress must be allowed to understand the vulnerabilities that allowed the events of January 6th to unfold as they did, to understand whether the insurrection was merely a preview of more sinister days to come, and to deploy new legislation to ensure that the United States returns to the tradition of peaceful transfer of power.

For the foregoing reasons, *amici*'s motion should be granted.

Dated:  October 28, 2021

By:  /s/Anne H. Tindall

Anne H. Tindall (D.C. Bar No. 494607)
Cameron Kistler (D.C. Bar No. 1008922)
Erica Newland*
UNITED TO PROTECT DEMOCRACY
2020 Pennsylvania Ave. NW, #163
Washington, DC 20006
P:  202-579-4582
anne.tindall@protectdemocracy.org
cameron.kistler@protectdemocracy.org
erica.newland@protectdemocracy.org

John Langford*
UNITED TO PROTECT DEMOCRACY
555 W 5th St.
Los Angeles, CA 90013
P:  202-579-4582
john.langford@protectdemocracy.org

John A. Freedman (D.C. Bar No. 453075)
Owen Dunn (D.C. Bar No. 1044290)
Samuel F. Callahan (D.C. Bar No. 888314461)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone:  (202) 942-5000
Fax: (202) 942-6200
john.freedman@arnoldporter.com
owen.dunn@arnoldporter.com
sam.callahan@arnoldporter.com

*Counsel for Amici Curiae*

*\* Admitted outside the District of Columbia;
practicing in D.C. under the supervision of
attorneys who are D.C. Bar members.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 28, 2021, I served the foregoing document on all counsel of record by filing it using this Court's CM/ECF system.

/s/ Owen Dunn