IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD J. TRUMP, in his capacity as the 45th President of the United States,<br><br>    Plaintiff,<br><br>        v.<br><br>BENNIE G. THOMPSON, in his official capacity as Chairman of the United States House Select Committee to Investigate the January 6th Attack on the United States Capitol; THE UNITED STATES HOUSE SELECT COMMITTEE TO INVESTIGATE THE JANUARY 6TH ATTACK ON THE UNITED STATES CAPITOL; DAVID S. FERRIERO, in his official capacity as Archivist of the United States; and THE NATIONAL ARCHIVES AND RECORDS ADMINISTRATION,<br><br>    Defendants. | Civil Action No. 21-2769 |

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT
OF PLAINTIFF'S EMERGENCY MOTION FOR INJUNCTION
PENDING APPEAL, OR AN ADMINISTRATIVE INJUNCTION**

# TABLE OF CONTENTS

TABLE OF CONTENTS....................................................................................................i

BACKGROUND .......................................................................................................2

ARGUMENT     .......................................................................................................3

CONCLUSION   ......................................................................................................6

CERTIFICATE OF SERVICE.......................................................................................7

The Plaintiff is seeking this emergency relief to preserve the *status quo* while novel constitutional and statutory issues of first impression are considered in this Court and, if necessary, on appeal. Should this Court refuse President Trump's injunction, he will promptly seek appellate relief. Therefore, he requests an injunction pending appeal, or, at the very least, an administrative injunction, that will provide the D.C. Circuit sufficient time to consider the appeal on an expedited basis. President Trump's proposal balances the needs of judicial economy and expediency. If injunctive relief is refused, the National Archives and Records Administration will produce records before judicial review is complete and before President Trump has had the opportunity to be fully and fairly heard.

Absent a court order instructing him not to, the Archivist of the United States intends to comply with the congressional request and release the disputed documents this Friday, November 12, 2021. Because of these considerations and because Thursday, November 11, 2021, is Veterans Day, President Trump requests a ruling from this Court on his Motion for a Preliminary Injunction and, if applicable, this motion no later than Wednesday, November 10, 2021. Should no order be issued by that time, the Plaintiff will interpret the Court's silence as a refusal and take his appeal to the U.S. Court of Appeals for the D.C. Circuit. *See Dist. of Columbia v. Trump,* 930 F.3d 209, 213 (4th Cir. 2019) (the President can immediately appeal the "effective denial" of absolute immunity); Wright & Miller, *Federal Practice & Procedure,* § 2962 ("When a court declines to make a formal ruling on a motion for a preliminary injunction, but its action has the effect of denying the requested relief,

its refusal to issue a specific order will be treated as equivalent to the denial of preliminary injunction and will be appealable."); *see, e.g.*, *Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992).

## BACKGROUND

The background of this case has been thoroughly briefed. DCD Nos. 5-1 and 33. President Trump notified the Archivist of his assertions of executive privilege affecting a small subset of documents. Additionally, he made a protective assertion of executive privilege over any additional materials that may be requested by the Committee. Compl., Exh. 5.

The Biden Administration notified the Archivist it would not assert executive privilege for the documents identified in President Trump's letters and instructed the Archivist to produce the records on November 12, 2021, absent an intervening court order.[1] Compl., Exh. 4. The Archivist notified President Trump that, "[a]fter consultation with Counsel to the President and the Acting Assistant Attorney General for the Office of Legal Counsel, and as instructed by President Biden" the Archivist has "determined to disclose to the Select Committee" on November 12, 2021, all responsive records former President Trump determined were subject to executive privilege, absent an intervening court order. Compl., Exh. 7.

President Trump acted promptly and filed his complaint on October 18, 2021, DCD No. 1, and filed his Motion for a Preliminary Injunction on the following day,

---

[1] The Archivist has since confirmed that he intends to produce the documents at 6:00 PM on November 12, absent a court order.

October 19, 2021, DCD No. 5. After full briefing by the parties, the Court heard argument on November 4, 2021. President Trump will promptly appeal any refusal of his Motion for a Preliminary Injunction.

## ARGUMENT

A court considers the same four factors when deciding to grant an injunction pending an appeal as when considering a motion for preliminary injunction. *MediNatura, Inc. v. Food & Drug Admin.*, 2021 WL 1025835, at *4 (D.D.C. Mar. 16, 2021) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "[A]n injunction pending appeal may be appropriate, even if the Court believed its analysis in denying preliminary relief is correct." *Am. Beverage Ass'n v. City & Cty. of San Francisco*, No. 15-cv-3415, 2016 WL 9184999, at *2 (N.D. Cal. June 7, 2016); *see, e.g., Native Ecosystems Council v. Kimbell*, No. 05-cv-110-M, 2005 WL 8167434, at *1 (D. Mont. Nov. 21, 2005) (granting injunction pending appeal after denying preliminary injunction because without injunction pending appeal the underlying issue might be mooted without chance for review)*.

The language of Federal Rule of Civil Procedure 62(d) explicitly provides that "while an appeal is pending from an interlocutory order . . . that . . . refuses an injunction, the court may . . . grant an injunction." Finally, an administrative injunction is appropriate pursuant to the All Writs Act, 28 U.S.C. § 1651, to maintain the *status quo* on a temporary basis while a court considers the matter. *S.E.C. v. Vison Commc'ns, Inc.*, 74 F.3d 287, 291 (D.C. Cir 1996); *see also U.S. v. New York Tel. Co.,* 434 U.S. 159, 189 n. 20 (1977) (Stevens, J. dissenting) (citing *FTC v. Dean*

3

*Foods Co.,* 384 U.S. 597, 604 (1966) ("injunction issued under All Writs Act upheld because it was necessary "to preserve the *status quo* while administrative proceedings are in progress and *prevent impairment of the effective exercise of appellate jurisdiction*") (emphasis added).

Earlier this year, in *MediNatura, Inc. v. Food & Drug Administration,* the district court held the "standard for granting an injunction pending appeal is, at least at times, more flexible than a rigid application of the traditional four-part standard applicable to granting a preliminary injunction." *MediNatura,* 2021 WL 1025835, at *6. The court went on to hold "in rare cases, the threat of irreparable harm may be so grave and the balance of equities may favor a plaintiff so decisively that an injunction pending appeal of a difficult or novel legal question may be proper." *Id.* The court explained an injunction pending appeal should be granted if "in the absence of such an injunction, the subject matter of the dispute will be destroyed or otherwise altered in a way that moots the pending appeal." *Id.* at *6. This is exactly the case before this Court. Here, if the documents are released to the Committee, the executive privilege would be destroyed, the Archivist may impermissibly release documents, and the *status quo* could not be restored.

President Trump has shown likelihood of success on the merits, but in the alternative, interim relief should be granted under the "serious questions" standard. *See Carey v. Klutznick*, 637 F.2d 834, 839 (2d Cir. 1980); *U.S. Servicemen's Fund v. Eastland*, 488 F.2d 1252, 1256 (D.C. Cir. 1973).

Novel questions of congressional access to presidential records and executive privilege are at the heart of this case. These are serious issues, which the Supreme Court referred to as "fundamental to the 'operation of Government.'" *Trump v. Mazars USA, LLP*, 140 S. Ct. 2019, 2032 (2020) (quoting *United States v. Nixon*, 418 U.S. 683, 708 (1974)). The disagreement between an incumbent President and his predecessor from a rival political party highlights the importance of executive privilege and the ability of presidents and their advisers to reliably make and receive full and frank advice, without concern that communications will be publicly released to meet a political objective.

This political clash supports the Supreme Court's recognition of former Presidents' right to assert executive privilege. *See Nixon v. GSA,* 433 U.S. 425, 449 (1977). It is why the PRA allows former Presidents to seek a remedy in court. 36 C.F.R. § 1270.44 (stating the Archivist discloses records after incumbent denial of the privilege only if no court order is issued). Thus, the incumbent President's determination is not final.

President Trump has explained in detail, in his briefs and at argument, why he has met the standards of an injunction. DCD Nos. 5-1 and 33. Those arguments are incorporated here by reference. Granting interim relief will permit the court to consider the important constitutional questions with the benefit of fulsome briefing and with the time required to come to thorough, reasoned conclusions.

## CONCLUSION

This case should be decided after thorough but expeditious consideration pursuant to America's judicial review process, both before this Court and on appeal, not by a race against the clock. Afterall, this is not a game, *see Poliquin v. Garden Way, Inc.,* 989 F.2d 527, 531 (1st Cir. 1993)*,* especially given the weighty questions at issue. Should the Court refuse Mr. Trump's Motion for a Preliminary Injunction, then it should grant this Motion for an Injunction Pending Appeal, or Administrative Injunction to preserve the status quo while these questions are considered on appeal.

Dated: November 8, 2021          Respectfully submitted,

/s/ Jesse R. Binnall
Jesse R. Binnall (VA022)
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, VA 22314
Tel:  (703) 888-1943
Fax: (703) 888-1930
jesse@binnall.com
*Counsel for President Donald J. Trump*

## CERTIFICATE OF SERVICE

I certify that the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will cause a copy to be sent to all counsel of record.

Dated: November 8, 2021

/s/ Jesse R. Binnall
Jesse R. Binnall (VA022)
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, VA 22314
Tel:  (703) 888-1943
Fax: (703) 888-1930
jesse@binnall.com
*Counsel for President Donald J. Trump*