## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **DONALD J. TRUMP**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-cv-2769 (TSC) |
| | ) | |
| | ) | |
| **BENNIE G. THOMPSON**, *in his official* | ) | |
| *capacity as Chairman of the United States* | ) | |
| *House Select Committee to Investigate the* | ) | |
| *January 6th Attack on the United States* | ) | |
| *Capitol, et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>ORDER</u>

Before the court is Plaintiff's Emergency Motion for a Preliminary Injunction Pending

Appeal or an Administrative Injunction, ECF No. 38.  For the reasons explained below,

Plaintiff's motion is DENIED.

## I.    BACKGROUND[1]

On October 18, Plaintiff filed this action, seeking: (1) a declaratory judgment that the

United States House Select Committee to Investigate the January 6 Attack of the United States

Capitol's requests for Plaintiff's presidential records are invalid and unenforceable, (2) an

injunction preventing the Congressional Defendants from enforcing the requests or using any

---

[1] This court provided the factual background of the January 6 attack and the events leading to the creation of the Select Committee in its Memorandum Opinion denying Plaintiff's Motion for a Preliminary Injunction.  *See Trump v. Thompson*, No. 21-2769, 2021 WL 5218398, at *1-3 (D.D.C. Nov. 9, 2021).

information obtained via the requests, and (3) an injunction preventing the Archivist and NARA from producing the requested records. *See* ECF No. 1, at 25-26.  The next day, Plaintiff moved for a preliminary injunction "prohibiting Defendants from enforcing or complying with the Committee's request."  ECF No. 5, Pl. Mot. at 3.  At the parties' request, the court set an accelerated briefing schedule and heard argument on the motion on November 4, 2021.  *See* Min. Order (Oct. 22, 2021).

On November 8, Plaintiff filed what appeared to be a preemptive emergency motion requesting an injunction pending appeal, or an administrative injunction, "should the court refuse" to grant his requested relief.  ECF No. 34, at 1.  The court denied Plaintiff's emergency motion without prejudice as premature and stated that it would consider such a motion from the non-prevailing party after it issued its ruling.  *See* Min. Order (Nov. 9, 2021) (citing Fed. R. Civ. P. 62(d)).

On November 10, 2021, the court denied Plaintiff's original motion for preliminary injunction.  In so doing, it denied Plaintiff's request to enjoin Defendants from enforcing or complying with the Select Committee's August 25, 2021, requests.  *See Trump v. Thompson*, 2021 WL 5218398, at *1.  On November 11, Plaintiff filed a "renewed" Emergency Motion for Preliminary Injunction Pending Appeal or Administrative Injunction.  ECF No. 34, Pl. Renewed Mot.  Both the Congressional and NARA Defendants oppose the motion.

## II.   ANALYSIS

Plaintiff's motion is a renewed request for injunctive relief and not a request for a stay. Federal Rule of Civil Procedure 62 allows for the court to stay the effects of an interlocutory order or final judgment for a period of time to allow time for the non-prevailing party to pursue

an appeal.  *See Nat'l Treas. Emps. Union v. Federal Labor Relations Auth.*, 712 F.2d 669, 671 (D.C. Cir. 1983) ("[S]tays, of course, do not impede appeals from the stayed dispositive order; their sole purpose is to preserve the status quo while an appeal is in the offing or in progress."). Injunctive relief, by contrast, is more concerned with the prevention of irreparable harm.  *See, e.g.*, *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008) ("Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction.") (emphasis in original).

Plaintiff characterizes his motion as a Rule 62 motion "seeking . . . to preserve the status quo."  Pl. Renewed Mot. at 1.  However, it is clear from the caption and the substance of Plaintiff's arguments that he again seeks injunctive relief, rather than a stay of this court's November 9 order.  A stay would not give Plaintiff the relief he seeks—preventing the transmission of documents from NARA to the House Select Committee—as the status quo in this case is that NARA will disclose documents on November 12, "absent any intervening court order."  Pl. Mot., Ex. 7.  Accordingly, the court will analyze Plaintiff's motion as one seeking injunctive relief, rather than a stay.[2]

A. <u>**Preliminary Injunction Pending Appeal**</u>

A motion for a preliminary injunction pending appeal requires the same four elements necessary for a preliminary injunction: (1) a likelihood of success on the merits, (2) the likely prospect of irreparable harm in the absence of preliminary relief, (3) that the balance of equities

---

[2] The standard for a preliminary injunction and a stay are similar, but the standard for a stay replaces the balance of equities factor with a requirement that "other parties interested in the proceedings" will not be "substantially injure[d]."  *Compare Winter*, 555 U.S. at 20 (preliminary injunction standard), *with Hilton v. Braunskill*, 481 U.S. 770, 776-77 (1987) (stay standard).

tip in movant's favor, and (4) that an injunction is in the public interest.  *John Doe Co. v. Consumer Fin. Prot. Bureau*, 849 F.3d 1129, 1131 (D.C. Cir. 2017) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).  This court analyzed these factors at length in its Opinion denying Plaintiff's original motion for a preliminary injunction, and found that none justified injunctive relief.  *See Trump v. Thompson*, 2021 WL 5218398, at *12-39.  In his renewed motion, despite the fact that he requests essentially the same relief as in his original preliminary injunction motion, Plaintiff has not advanced any new facts or arguments that persuade the court to reconsider its November 9, 2021, Order.  The court's analysis previously rejecting Plaintiff's requested relief is thus equally applicable here:  Plaintiff is unlikely to succeed on the merits of his claims or suffer irreparable harm, and a balance of the equities and public interest bear against granting his requested relief.  *Id.*

Nor is Plaintiff entitled to injunctive relief under the "serious legal question" doctrine. That doctrine, which Plaintiff contends is a "more flexible" standard, weighs in favor of granting an injunction pending appeal, even when the likelihood of success on the merits is low, if the remaining three preliminary injunction factors "tip sharply in the movant's favor."  *In re Special Proceedings*, 840 F. Supp. 370, 372 (D.D.C. 2012) (citing *Wash. Metro. Area Transit Comm'n v. Holiday Tours*, 559 F.2d 841, 844 (D.C. Cir. 1977)).[3]  Moreover, when the relief sought is an

---

[3] Courts in this Circuit have applied a "sliding scale" to analyze the four preliminary injunction factors–a particularly strong showing in one factor could outweigh weakness in another.  *Sherley v. Sebelius*, 644 F.3d 388, 393 (D.C. Cir. 2011).  While it is unclear if that approach and its import for the "serious legal question" doctrine have survived the Supreme Court's decision in *Winter*, its use is still applicable here.  *See, e.g.*, *Banks v. Booth*, 459 F. Supp. 143, 149-50 (D.D.C. 2020) (citing *Sherley*, 644 F.3d at 393); *see also Davis v. Billington*, 76 F. Supp. 3d 59, 63 n.5 (D.D.C. 2014) ("[T]he Circuit has had no occasion to decide this question  . . . [t]hus, because it remains the law of this Circuit, the Court must employ the sliding-scale analysis here.").

injunction on the coordinate branches of government—in this case, the legislative and executive branches, who are united in their desire to have the records produced—it is even more important that the three remaining factors outweigh the lack of likelihood of success on the merits.  *See Sampson v. Murray*, 415 U.S. 61, 83-84 (1974).

The court has already found that Plaintiff is unlikely to succeed on the merits in this case, and the three remaining preliminary injunction factors do not "tip sharply" in his favor.  To the contrary, those factors counsel against injunctive relief.  *See Trump v. Thompson*, 2021 WL 5218398, at *36-39.  Plaintiff cannot do an end run around the preliminary injunction factors simply because he seeks appellate review.  Rather, the court maintains "a considerable reluctance in granting an injunction pending appeal when to do so, in effect, is to give the appellant the ultimate relief being sought."  11 Wright & Miller, Fed. Prac. & Proc. Civ., § 2904 (3d ed. 2021).  Were the court to grant Plaintiff's motion, the effect would be "to give [Plaintiff] the fruits of victory whether or not the appeal has merit."  *See, e.g.*, *Jimenez v. Barber*, 252 F.2d 550 (9th Cir. 1958).  Plaintiff is not entitled to injunctive relief simply because the procedural posture of this case has shifted.

**B.  <u>Administrative Injunction</u>**

Plaintiff also seeks an administrative injunction per the *All Writs Act*, 28 U.S.C. § 1651, which allows federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  The Act, however, is not an independent jurisdictional grant for federal courts to issue extraordinary writs—it is confined to the issuance of writs in aid of the issuing court's jurisdiction.  *In re Tennant*, 359 F.3d 523, 527 (D.C. Cir. 2004) (quoting *Clinton v. Goldsmith*, 52 U.S. 529, 534-35 (1999)).  Plaintiff alleges

that such a writ is necessary, lest "the issues at hand [be] mooted."[4]  Pl. Renewed Mot. at 5.  But while November 12 draws near, this court's jurisdiction is not imperiled.  Plaintiff has already filed a notice of appeal with the Court of Appeals for the D.C. Circuit.  *See* Notice of Appeal to the DC Circuit Court, ECF No. 37.  He is therefore free to petition that Court for relief.  Because there is no threat to the ongoing jurisdiction of this court, there is no need to issue a writ pursuant to the Act.

### III.   CONCLUSION

Plaintiff, as is his right, has sought review of this court's denial of his Motion for a Preliminary Injunction.  And the court is aware that the timeline for appellate review of that decision will be accelerated.  But nothing in the court's November 9, 2021, Order, or this Order, triggers the harm he alleges because the Archivist will not submit the requested records to the Select Committee until November 12, 2021, and Plaintiff can seek appellate relief in the interim.  This court will not effectively ignore its own reasoning in denying injunctive relief in the first place to grant injunctive relief now.

For the above reasons, Plaintiff's Emergency Motion for Preliminary Injunction Pending Appeal or Administrative Injunction, ECF No. 38, is DENIED.

Date:  November 10, 2021

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

[4] An Article III court loses jurisdiction when an issue is moot.  *See, e.g.*, *DeFunis v. Odegaard*, 416 U.S. 312, 319-320 (1974).