IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD J. TRUMP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:21-cv-2769 (TSC) |
| | ) |
| BENNIE G. THOMPSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**NARA DEFENDANTS' UNOPPOSED MOTION
TO DISMISS THE COMPLAINT AS MOOT**

Defendants National Archives and Records Administration ("NARA") and David S. Ferriero, Archivist of the United States (together, the "NARA Defendants"), with the consent of all parties, request that the Court dismiss this matter as moot pursuant to Fed. R. Civ. P 12(b)(1). In support of their motion, the NARA Defendants state as follows:

1. Plaintiff filed this action on October 18, 2021, seeking a declaratory judgment and injunction to prevent NARA from producing, and the Congressional Defendants from using, documents requested by the Congressional Defendants. *See generally* Complaint at 25-26 (prayer for relief) (ECF #1). The following day, Plaintiff moved for a preliminary injunction (ECF #5).

2. This Court denied Plaintiff's motion for preliminary injunction (ECF #36), and the Court of Appeals affirmed. *See Trump v. Thompson, et al.*, 20 F.4th 10 (D.C. Cir. 2021). The Supreme Court denied Plaintiff's emergency motion for a stay, 142 S. Ct. 680 (2022), and subsequently denied certiorari, 142 S. Ct. 1350 (2022). Since that time, the parties jointly requested, and this Court granted, eight extensions of the deadline for Defendants' responses to the Complaint in order to allow time for Plaintiff to determine how best to proceed. The last such

request was granted on November 7, 2022, making Defendants' response to the Complaint due January 9, 2023.

3. Last month, the National Archives completed its production of records responsive to the requests of the House Select Committee to Investigate the January 6th Attack on the United States Capitol. Further, the Select Committee officially dissolved with the end of the 117th Congress. *See* U.S. Const., 20th Amendment.

4. Under these circumstances, Plaintiff's claims have become moot and must be dismissed. "The doctrine of mootness is a logical corollary of the 'case or controversy' requirement of Article III of the Constitution. A federal court is constitutionally forbidden to render advisory opinions or 'to decide questions that cannot affect the rights of litigants in the case before them.'" *Better Gov't Ass'n v. Dep't of State*, 780 F.2d 86, 90–91 (D.C. Cir. 1986) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). The parties have conferred, and all agree that the events described above have rendered this case moot. *See, e.g., Pulphus v. Ayers*, 909 F.3d 1148, 1152 (D.C. Cir. 2018) ("If events outrun the controversy such that the court can grant no meaningful relief, the case must be dismissed as moot.") (quoting *McBryde v. Comm. to Review Circuit Council Conduct & Disability Orders of Judicial Conference of U.S.*, 264 F.3d 52, 55 (D.C. Cir. 2001)). This Court therefore lacks jurisdiction to grant either injunctive or declaratory relief. *See, e.g.*, *NBC–USA Hous., Inc, Twenty–Six v. Donovan*, 674 F.3d 869, 873 (D.C. Cir. 2012) ("Where an intervening event renders the underlying case moot, a declaratory judgment can no longer 'affect[ ] the behavior of the defendant towards the plaintiff,'... and thus 'afford[s] the plaintiffs no relief whatsoever.'" (citations omitted)).

Accordingly, the NARA Defendants request, with all parties' consent, that the Court dismiss this case as moot.

Dated:  January 6, 2023                             Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIAN D. NETTER
Deputy Assistant Attorney General

<u>/s/ *Elizabeth J. Shapiro*</u>
ELIZABETH J. SHAPIRO (D.C. Bar 418925)
JAMES J. GILLIGAN
JULIA A. HEIMAN
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW, Room 12100
Washington, D.C. 20530
Tel: (202) 514-5302
Fax: (202) 616-8470
Email: elizabeth.shapiro@usdoj.gov
*Attorneys for NARA Defendants*