### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**RYAN SAMSEL,**<br>**JAMES TATE GRANT,**<br><br>**Defendants.** | **Case No. 1:21-cr-00537-TJK** |

### Joint Status Report

On August 25, 2021, the grand jury returned a seven-count indictment against Ryan Samsel. (R. 46). On November 17, they returned the First Superseding Indictment, adding a second victim to one of the 18 U.S.C. § 231 counts and adding a count of 18 U.S.C. § 111 for assaulting that same victim. (R. 61).

On November 23, the Court held a hearing and set a motions schedule in this case, with a defense motion cut-off of December 17.

On December 15, the grand jury returned the Second Superseding Indictment, which, amongst other things, joined an additional defendant, James Tate Grant, based on similarly alleged conduct. (R. 69).

On December 17, the defendant Samsel filed a consent motion to extend the defendants' pretrial motions deadline and requested a status conference regarding the addition of Grant to the case. (R. 71). On December 17, the Court ordered the parties to confer and file a joint motion setting a new motion schedule in this case. The parties spoke at length concerning the status of this case on the evening of December 20, 2021. The parties were not able to come to an agreement as to a proposed motions schedule.

Defense Counsel would observe that Messrs. Samsel and Grant have competing interests

with respect to the time within which pretrial motions are to be filed in this action. On the one hand, Counsel for Mr. Grant takes the position that Mr. Grant's case is at a stage where setting a motions schedule is premature. As noted, Mr. Grant was indicted on December 15, 2021, a Protective Order concerning discovery was not entered until December 17, 2021, and to date Mr. Grant has been provided no discovery by the government.

On the other hand, Mr. Samsel has been detained since his arrest on January 30, 2021, and, as has been well documented for the Court, has faced extremely challenging circumstances related to his medical care and access to information. (*see* ECF Nos. 49, 50, 54, 55, 60). Given these circumstances and the fact of his prolonged pretrial detention, Mr. Samsel has also objected to the waiver of his right to a speedy trial, (*see* ECF No. 59), which prompted the Court to set a Motions Hearing.

*First,* the government elected to seek Mr. Samsel's pretrial detention, which the defense submits implicates his speedy trial rights. *Now*, the government has again superseded its indictment to add a defendant and has further advised – with candor that is most appreciated by Defense Counsel – that it is also considering a subsequent superseding indictment joining as many as three additional defendants in the coming weeks. *As a result*, defense counsel believes Mr. Samsel is faced with a Hobson's Choice. The assertion of his right to a speedy trial would potentially interfere with his right to be represented by competent counsel who cannot now know what the government's contemplated superseding indictment will look like or what discovery will be necessitated by the same. Moreover, the difficulty of this choice is exacerbated by the fact that Mr. Samsel was transferred to the custody of the Pennsylvania Department of Corrections early Monday morning and has not had the opportunity to consult with his counsel since the Court's entry of its Minute Order. Accordingly, while it is not the practice of Defense

Counsel to avoid directly providing information requested by the Court, it would be similarly perilous to voluntarily request a motions deadline given the significant uncertainty presented by the posture of this case.

The Government will submit a separate filing, moving to exclude time under the Speedy Trial Act and articulating a proposal as to the time that should be excluded. Grant's attorney had previously agreed to exclude time through February 22, 2022. Samsel's attorneys do not consent to the exclusion of any time.

Respectfully submitted,

MATTHEW GRAVES
UNITED STATES ATTORNEY

By:   /s/April Nicole Russo

April Nicole Russo
PA Bar No. 313475
Assistant United States
Attorney 555 Fourth Street,
NW Washington, D.C. 20530
(202) 252-1717
april.russo@usdoj.gov

*/s/ Danielle Rosborough*
Danielle Rosborough
D.C. Bar No. 1016234
Trial Attorney, National Security Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
202-514-0073
Danielle.Rosborough@usdoj.gov

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RYAN SAMSEL,<br>JAMES TATE GRANT,<br><br>**Defendants.** | Case No. 1:21-cr-00537-TJK |

## CERTIFICATE OF SERVICE

On December 21, 2021, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

/s/April Nicole Russo

April Nicole Russo
PA Bar No. 313475
Assistant United States
Attorney 555 Fourth Street,
NW Washington, D.C. 20530
(202) 252-1717
april.russo@usdoj.gov