UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Case Number 21cr537 |
| D-1 RYAN SAMSEL : | |
| D-2 JAMES TATE GRANT : | |
| : | |
| Defendants. : | Hon. Timothy J. Kelly |

**GOVERNMENT'S MOTION FOR EXCLUDABLE DELAY**

The parties could not jointly agree on a new motion schedule. However, in connection with this motion for excludable delay, the Government proposes the below schedule:

- a new motion cut-off for both Grant and Samsel of February 7, 2022;
- a response deadline of February 28;
- a reply deadline of March 4
- and a motion hearing on March 8

The Government requests that the time period from December 17, 2021 through February 7, 2022 be excluded under the Speedy Trial Act.[1]  After the grand jury returned a superseding indictment, adding James Tate Grant on December 15, 2021, Samsel filed a consent motion to extend dates to ascertain next steps. On the evening of December 20, the Government received a 12-page discovery request from Samsel's attorneys. Separate and apart from that letter, Samsel has requested discovery for at least three other individuals involved in pushing the metal barricades at the Peace Circle (defendant Stephen Chase Randolph (21-cr-332-PLF-2), defendant Paul Russell

---

[1] Samsel does not consent to the excludable delay.  Grant has agreed to excludable delay through February 22, 2022.

1

Johnson (21-cr-332-PLF-1), and defendant James Tate Grant (now charged in this case)).  Because these individuals are alleged to have participated in the same breach, and are charged with aiding and abetting the assault (using the barriers) of the same two victims, that is, United States Capitol Police Officer C.E. and D.C., both of whom sustained injuries on January 6 due to the barrier falling, and because all four are charged with 18 U.S.C. §§ 231, 111, 1752, and 40 U.S.C. § 5104 in connection with this incident, the Government plans to produce this discovery.

The Government also contemplates that, because the majority of the video footage, surveillance, witnesses, discovery, and victims are the same in these four cases, they may be consolidated.  Moreover, the Government is aware of at least one additional uncharged subject, currently under investigation, who would likely be added to any potential superseding indictment.  Should the Government consolidate these cases, it anticipates doing so within the next few weeks.

As the Court well knows, the amount of discovery is voluminous in this case, constituting thousands of pages, and that there are terabytes of forensic data, including thousands of hours of surveillance and body-worn camera footage.  This case also involves multiple phone extractions and discovery from several other defendants who aided and abetted the defendants' criminal conduct. One of the victims, C.E. has endured long-lasting physical and mental trauma.  As a result, the discovery includes medical records and sensitive material.  Defense needs time to look at and to evaluate all of this evidence.  Moreover, some of the evidence can only be reviewed here at the U.S. Attorney's Office.

Finally, as discussed above, the Government's investigation is ongoing.  For example, the Government recently identified another offender involved in the Peace Circle-barrier incident (in just the past few weeks) and further developed the investigation of Grant to the point of indictment (as of December 15).  The Speedy Trial Act excludes "[a] reasonable period of delay

when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). This provision means that "an exclusion applicable to one defendant applies to all codefendants." *United States v. Edwards,* 627 F.2d 460, 461 (D.C. Cir. 1980); *see also United States v. Van Smith*, 530 F.3d 967, 970 (D.C. Cir. 2008) ("The Act also excludes delay caused by a co-defendant's pretrial proceedings."); *United States v. Speight*, 941 F. Supp. 2d 115, 118 (D.D.C. 2013) ("As long as he is joined to his co-Defendants, reasonable exclusions of time for the others . . .will likewise delay Speight's speedy-trial clock.").

Samsel is joined for trial with a codefendant to whom the time for trial has not run. In fact, Grant has not yet been arraigned. Thus, a continuance for Grant would be reasonable pursuant to the ends-of-justice provision in Section 3161(h)(7)(A). This finding would automatically toll the Speedy Trial Act period with respect to Samsel under Section 3161(h)(6).

Additionally, several district-wide standing orders entered by Chief Judge Howell have tolled the Speedy Trial Act period in pending criminal cases due to the COVID-19 pandemic— with the most recent order tolling the period through February 18, 2022. *See* D.D.C. Standing Order No. 21-79 (BAH), at 6-7 (Dec. 13, 2021). In those orders, Chief Judge Howell explained that health and safety protocols restricted the Court's ability to conduct jury selection and trials. *Id*. at 7. The chief judge accordingly found that a time exclusion was warranted under the ends-of-justice provision to protect public health, safety, and a defendant's fair trial rights. *Id*. Consistent with that standing order, the Speedy Trial Act period in this case remains tolled through February 18, 2022.

The Government therefore respectfully moves for a finding of excludable delay between the dates of December 17, 2021 and February 7, 2022. Particularly now, where defendant Samsel

has requested discovery for three other Peace Circle-barrier defendants (and where there is a fourth uncharged subject for whom the defendant will likely demand discovery), it is evident that this case is in fact "unusual and complex" due to the number of defendants and the nature of the prosecution. *See* 18 U.S.C. § 3161(h)(7)(B)(ii), *see also* § 3161(h)(7)(B)(iv).  Therefore, this is an independent reason why the time should be excluded in calculating the time within which the defendant must be brought to trial under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1).

Pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(6), the time period shall constitute excludable delay and that the ends of justice served outweigh the best interests of the defendant and the public in a speedy trial.  The excludable delay requested is reasonable and necessary so that defendant can fully prepare for motions, review discovery, fully prepare for trial and review the voluminous evidence in this case.  It is also necessary because of the addition of a codefendant to the indictment in this case on December 15, 2021 who has stated that he needs more time, and who has agreed to exclude time through February 22, 2022. *United States v. Edwards,* 627 F.2d 460, 461 (D.C. Cir. 1980); *see also United States v. Van Smith*, 530 F.3d 967, 970 (D.C. Cir. 2008) ("The Act also excludes delay caused by a co-defendant's pretrial proceedings."); *United States v. Speight*, 941 F. Supp. 2d 115, 118 (D.D.C. 2013) ("As long as he is joined to his co-Defendants, reasonable exclusions of time for the others . . .will likewise delay Speight's speedy-trial clock.").

        Respectfully submitted,

        MATTHEW GRAVES
        UNITED STATES ATTORNEY

        By:    /s/ *April N. Russo*
        April N. Russo
        Assistant United States Attorney
        PA Bar No. 313475

        United States Attorney's Office
        555 Fourth Street, N.W.
        Washington, DC 20530
        Phone: (202) 252-1717
        E-mail: april.russo@usdoj.gov

        */s/ Danielle Rosborough*
        Danielle Rosborough
        D.C. Bar No. 1016234
        Trial Attorney, National Security Division
        United States Department of Justice
        950 Pennsylvania Avenue, NW
        Washington, D.C. 20530
        202-514-0073
        Danielle.Rosborough@usdoj.gov

Date:  December 21, 2021

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | |
| : | Case Number 21cr537 |
| **D-1 RYAN SAMSEL** : | |
| **D-2 JAMES TATE GRANT** : | |
| : | |
| Defendants. : | Hon. Timothy J. Kelly |

### ORDER SETTING MOTION SCHEDULE AND FINDING EXCLUDABLE DELAY

This matter having come before the Court upon the Government's motion for excludable delay:

- The defendants' motions must be filed by February 7, 2022
- The Government's response must be filed by February 28, 2022
- The defendants' reply deadline is March 4, 2022
- The motion hearing is scheduled for March 8, 2022

In granting the request for an adjournment, the Court finds that the ends of justice served outweigh the best interests of the defendants and the public in a speedy trial for the reasons listed in the Government's motion and for the following reasons:

- This case is "unusual and complex" due to the number of defendants and the nature of the prosecution. *See* 18 U.S.C. § 3161(h)(7)(B)(ii), *see also* § 3161(h)(7)(B)(iv). There are thousands of pages in discovery and terabytes of forensic and digital data. The discovery pertains to multiple defendants and several victims. The grand jury returned a superseding indictment on December 15, adding an additional offender. The defendants, including Samsel, have requested and need discovery for three other currently charged offenders, two of whom may be consolidated with this case in the

6

coming weeks, in order to prepare motions. Moreover, the Government recently identified a fifth uncharged subject who is likely to be charged with aiding and abetting the other charged defendants.

- Some of the discovery can only be viewed at the U.S. Attorney's Office because of its sensitive nature.

- Samsel is joined for trial with a codefendant to whom the time for trial has not run. Therefore, time is automatically excluded under 18 U.S.C. § 3161(h)(6). *United States v. Edwards,* 627 F.2d 460, 461 (D.C. Cir. 1980); *see also United States v. Van Smith*, 530 F.3d 967, 970 (D.C. Cir. 2008) ("The Act also excludes delay caused by a co-defendant's pretrial proceedings."); *United States v. Speight*, 941 F. Supp. 2d 115, 118 (D.D.C. 2013) ("As long as he is joined to his co-Defendants, reasonable exclusions of time for the others . . .will likewise delay Speight's speedy-trial clock.").

- Several district-wide standing orders have tolled the Speedy Trial Act period in pending criminal cases due to the COVID-19 pandemic—with the most recent order tolling the period through February 18, 2022.

Thus, pursuant to 18 U.S.C. § 3161(h)(7)(A), 18 U.S.C. § 3161(h)(6), 18 U.S.C. §§ 3161(h)(7)(B)(ii) and (B)(iv), the time period between December 17, 2021 and February 7, 2022 shall constitute excludable delay, and the ends of justice served outweigh the best interests of the defendants and the public in a speedy trial. The excludable delay requested is reasonable and necessary so that defendants can fully prepare for motions, review discovery, fully prepare for trial and review the voluminous evidence in this case. It is also necessary because of the addition of a codefendant to the indictment in this case on December 15, 2021 who has stated that he needs more time, and who has agreed to exclude time through February 22, 2022. *United States v. Edwards,* 627 F.2d 460, 461 (D.C. Cir. 1980); *see also United States v. Van Smith*, 530 F.3d 967, 970 (D.C. Cir. 2008) ("The Act also excludes delay caused by a co-defendant's pretrial proceedings."); *United States v. Speight*, 941 F. Supp. 2d 115, 118 (D.D.C. 2013) ("As long as he is joined to his co-Defendants, reasonable exclusions of time for the others . . .will likewise delay Speight's speedy-trial clock.").

IT IS SO ORDERED.

Dated:                                                      HONORABLE TIMOTHY J. KELLY
                                                                     United States District Judge

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a copy of this pleading was served on all counsel of record via the Court's electronic filing service.

                                                                                                   */s/ April N. Russo*
                                                                                                   April N. Russo
                                                                                                   Assistant United States Attorney

Date:  December 21, 2021