UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | |
| | : | VIOLATIONS: |
| RYAN SAMSEL | : | 18 U.S.C. §§ 231(a)(3), and 2 |
| JAMES TATE GRANT | : | (Civil Disorder) |
| PAUL RUSSELL JOHNSON | : | 18 U.S.C. §§ 111(a)(1) and (b), and 2 |
| STEPHEN CHASE RANDOLPH | : | (Assaulting, Resisting, or Impeding |
| JASON BENJAMIN BLYTHE | : | Certain Officers Using a Deadly or |
| | : | Dangerous Weapon and Inflicting Bodily |
| Defendants. | : | Injury) |
| | : | 18 U.S.C. § 111(a)(1) |
| | : | (Assaulting, Resisting, or Impeding |
| | : | Certain Officers) |
| | : | 18 U.S.C. §§ 1752(a)(1) and (b)(1)(A) |
| | : | (Entering and Remaining in a Restricted |
| | : | Building or Grounds with a Deadly or |
| | : | Dangerous Weapon) |
| | : | 18 U.S.C. §§ 1752(a)(2) and (b)(1)(A) |
| | : | (Disorderly and Disruptive Conduct in a |
| | : | Restricted Building or Grounds with a |
| | : | Deadly or Dangerous Weapon) |
| | : | 18 U.S.C. §§ 1752(a)(4), (b)(1)(A), |
| | : | (b)(1)(B), and 2 |
| | : | (Engaging in Physical Violence in a |
| | : | Restricted Building or Grounds with a |
| | : | Deadly or Dangerous Weapon and |
| | : | Resulting in Significant Bodily Injury) |
| | : | 40 U.S.C. § 5104(e)(2)(D) |
| | : | (Disorderly Conduct in the Capitol |
| | : | Grounds or Buildings) |
| | : | 40 U.S.C. §§ 5104(e)(2)(F), and 2 |
| | : | (Act of Physical Violence in the Capitol |
| | : | Grounds or Buildings) |
| | : | 18 U.S.C. §§ 1512(c)(2), and 2 |
| | : | (Obstruction of an Official Proceeding) |
| | : | 40 U.S.C. § 5104(e)(2)(C) |
| | ; | (Entering and Remaining in Certain |
| | | Rooms in the Capitol Building) |
| | : | 40 U.S.C. § 5104(e)(2)(G) |

1

:     **(Parading, Demonstrating, or Picketing in**
:     **a Capitol Building)**
:
:

## <u>MOTION TO SEAL AFFIDAVIT IN SUPPORT OF THIRD SUPERSEDING INDICTMENT</u>

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place and maintain under seal, until the Arrest Warrant is executed, the Third Superseding Indictment, and Arrest Warrant for newly indicted defendant James Benjamin Blythe, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.   In support thereof, the government states as follows:

1.     The United States is investigating allegations that Ryan Samsel, James Tate Grant, Paul Russell Johnson, Stephen Chase Randolph, and Jason Benjamin Blythe, willfully and knowingly enter and remain int a restricted building and grounds of the United States Capitol on January 6, 2021 without legal authority, and participated in violent and disorderly conduct in violation of 18 U.S.C. § 231(a)(3), 2; 111(a)(1) and (b) and 2; 1752(a)(1), 1752(a)(2), (a)(4), (b)(1)(A), (b)(1)(B); 5104(e)(2)(D); 5104(e)(2)(C); 5104(e)(2)(F) and 2; 1512(c)(2) and 2; Section 231(a)(3). The first four defendants listed in the caption were previously indicted.  The newly indicted defendant – Jason Benjamin Blythe – is for the first time included in the Third Superseding Indictment. The United States is contemporaneously obtaining an arrest warrant from Blythe.

2.     The public disclosure of the Government's evidence could compromise the integrity of the investigation, including the ability of the United States to locate and arrest Blythe,

which also may lead to the destruction of evidence in other locations including the digital device. Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

2.     As stated in Washington Post v. Robinson, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings.   But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'"  Id. at 290 (quoting Oregonian Pub. Co. v. United States Dist. Court, 920 F.2d 1462, 1466 (9th Cir. 1990)).

3.     In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendant.   A limited sealing order ensuring that filings related to the Indictment and Arrest Warrant are not accessible from the Court's public files is narrowly tailored to serve a compelling interest.

4.     Furthermore, the United States respectfully submits that complying with the normal notice requirements of Washington Post would defeat the purpose of the motion to seal.   Persons who know the criminal justice system also know that docketing a motion to seal an Indictment and Arrest Warrant, or a resulting sealing order, means that the defendant is charged with a crime, and the Government intends to arrest him.   Thus, if this Motion or a sealing order were to become public, it would be the same as making public the Indictment and Arrest Warrant.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until execution of the Arrest Warrant for Blythe, the Third Superseding Indictment, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By: _____*Hava Mirell*_____

Hava Mirell
Assistant United States Attorney
CA Bar No 311098
555 4th Street, N.W.
Washington, D.C. 20001
(213) 894-0717
Hava.Mirell@usdoj.gov