AO 442 (Rev 01/09) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| United States of America | ) |
| v. | ) Case: 1:21-cr-00537 |
| JASON BENJAMIN BLYTHE | ) Assigned To : Kelly, Timothy J. |
| | ) Assign. Date : 01/13/2022 |
| | ) Description: Superseding Indictment (B) |
| Defendant | ) Case Related to 21-cr-537 (TJK) |

## ARREST WARRANT

To:   Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   JASON BENJAMIN BLYTHE
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☒ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 231(a)(3), 2 (Civil Disorder);18 U.S.C. §§ 111(a)(1) and (b), 2 (Assaulting, Resisting, or Impeding Certain Officers Using a Deadly or Dangerous Weapon and Inflicting Bodily Injury); 18 U.S.C. § 111(a)(1) and (b), 2 (Assaulting, Resisting, or Impeding Certain Officers); 18 U.S.C. §§ 1752(a)(1) and (b)(1)(A) (Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon); 18 U.S.C. §§ 1752(a)(2) and (b)(1)(A) (Disorderly or Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon); 18 U.S.C. §§ 1752(a)(4) and (b)(1)(A), (b)(1)(B), 2 (Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon and Resulting in Significant Bodily Injury); 40 U.S.C. § 5104(e)(2)(D),(Disorderly Conduct in the Capitol Grounds or Buildings); 40 U.S.C. § 5104(e)(2)(F) (Act of Physical Violence in the Capitol Grounds or Buildings);18 U.S.C. §§ 1512(c)(2), 2

Date:   01/12/2022

*Issuing officer's signature*

G. Michael Harvey
2022.01.12 18:03:07 -05'00'

City and state:   Washington D.C.

G. Michael Harvey
*Printed name and title*

### Return

This warrant was received on *(date)*   1/18/22 , and the person was arrested on *(date)*   1/24/22
at *(city and state)*   Fort Worth, TX

Date:   1/24/22

*Arresting officer's signature*

Michael Phillipp, Special Agent
*Printed name and title*

# United States District Court

NORTHERN DISTRICT OF TEXAS AT FORT WORTH

UNITED STATES OF AMERICA § WAIVER OF RULE 5(c) HEARINGS
§ (Excluding Probation Cases)
V. §
§
JASON BENJAMIN BLYTHE § CASE NUMBER: 4:22-MJ-059

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 24 2022
CLERK, U.S. DISTRICT COURT

I, Jason Benjamin Blythe, understand that in the District of Columbia, charges are pending, and I have been arrested in this District and taken before a United States Magistrate Judge who informed me of, the charge and of my right to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel, (2) request transfer of the proceedings to this district pursuant to Rule 20, Fed. R. Crim. P., in order to plead guilty, (3) an identity hearing to determine if I am the person named in the charge, and (4) a preliminary examination (unless an indictment has been returned or an information filed) to determine whether there is probable cause to believe an offense has been committed by me, the hearing to be held in this district or the district of prosecution.

✓ I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):

(✓) identity hearing

_____
Defendant

January 24, 2022

_____
Defense Counsel

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas, Fort Worth Division

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) Case No. | 4:22-MJ-059 |
| JASON BENJAMIN BLYTHE | ) | |
| *Defendant* | ) | |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 24 2022
CLERK, U.S. DISTRICT COURT
By _____
   Deputy

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: As directed by the Court or U.S. Probation Officer
*Place*

See attached reporting instructions

on _____
*Date and Time*

If blank, defendant will be notified of next appearance.

(5) The defendant must sign an Appearance Bond, if ordered.

Case 4:21-mj-00059-BJ Document 5 Filed 01/24/22 Page 2 of 3 PageID 4
Case 4:22-mj-00059-BJ Document 6 Filed 01/24/22 Page 12 of 13 PageID 17
Order Setting Conditions of Release                                                                 Page 2 of 3 Pages

## Additional Conditions of Release

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

☐ (6) The defendant is placed in the custody of
Person or organization: _____
Address (only if an organization) _____
City and State _____
who agree to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____
Custodian        Date _____

(7) The defendant must:
X (a) submit to supervision by and report for supervision to the United States Probation Officer as directed.
X (b) continue to actively seek employment.
☐ (c) continue to start and education program.
X (d) surrender any passport and/or any passport card to the United States Probation Officer.
X (e) not obtain a passport or other international travel document.
X (f) abide by the following restrictions on personal association, residence, or travel:
Travel restricted: to and from the District of Columbia for court purposes ONLY no other travel to District of Columbia and restricted from entering the US Capitol or the grounds of the US Capitol; travel restricted to the Northern District of Texas unless permission received from the United States Probation Officer.
X (g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution including:

any person who is or may be a victim or witness in the investigation or prosecution, including: but not limited to anyone involved in any way with the U.S. Capitol protest held on January 6, 2021.

☐ (h) get medical or psychiatric treatment as directed by the United States Probation Officer. The defendant shall contribute to the costs of services rendered (copayment) as determined by the United States Probation Officer.
☐ (i) maintain residence at a halfway house or community corrections center, as the United States Probation Officer considers necessary.
X (j) not possess a firearm, destructive device, or other weapon.
X (k) not to use alcohol ☐ at all X excessively.
X (l) not use or unlawfully possess a narcotic drug or other controlled substance defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. Including the use of any synthetic and/or natural substance to alter mood and/or cognitive ability such as CBD and hemp oils/products.
X (m) submit to testing for a prohibited substance if required by the United States Probation Officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing. The defendant shall contribute to the costs of services rendered (copayment) as determined by the United States Probation Officer.
☐ (n) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the United States Probation Officer. The defendant shall contribute to the costs of services rendered (copayment) as determined by the United States Probation Officer.
X (o) submit to location monitoring as directed by the United States Probation Officer and participate in one of the following location restriction programs and comply with all program requirements as directed. . The defendant must pay all or part of the costs of any monitoring program based on their ability to pay as determined by the United States Probation Officer.
  ☐ (i) **Curfew**. You are restricted to your residence every day ☐ from _____ to _____, or ☐ as directed by the United States Probation Officer; or
  X (ii) **Home Detention**. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the United States Probation Officer; or
  ☐ (iii) **Home Incarceration**. You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court.
☐ (p) Stand Alone Monitoring (SAM): Requires the use of Global Positioning System (GPS) tracking to monitor and enforce any other condition(s) of release (e.g. travel restrictions) _____. . The defendant must pay all or part of the costs of any monitoring program based on their ability to pay as determined by the United States Probation Officer.
X (q) report as soon as possible, to the United States Probation Officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.
X (r) not participate in any capacity in any criminal activity, associate with any person engaged in any criminal activity, or enter into, or perform under, any agreement to act as an informer for, or special agent of, any governmental agency without permission of the court.

Case 4:22-mj-00059-BJ Document 5 Filed 01/24/22 Page 3 of 3 PageID 5
Case 4:22-mj-00059-BJ Document 6 Filed 01/24/22 Page 13 of 13 PageID 18

AO 199C (Rev. 09/08) Advice of Penalties         Page 3 of 3 Pages

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

*Defendant's Signature*

Fort Worth, Texas
*City and State*

### Directions to the United States Marshal

( ✓ ) The defendant is ORDERED released after processing.
( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: January 24, 2022

*Judicial Officer's Signature*

JEFFREY L. CURETON, UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL

# U.S. District Court
# Northern District of Texas (Fort Worth)
# CRIMINAL DOCKET FOR CASE #: 4:22−mj−00059−BJ All Defendants

Case title: USA v. Blythe

Date Filed: 01/24/2022

Other court case number:   11:21−cr−00537 District of Columbia

Assigned to: Magistrate Judge Jeffrey L. Cureton

**Defendant (1)**

| | | |
|---|---|---|
| **Jason Benjamin Blythe** | represented by | **John J Stickney−FPD**<br>Federal Public Defender<br>Northern District of Texas<br>819 Taylor Street<br>Room 9A10<br>Fort Worth, TX 76102<br>817−978−2753<br>Fax: 817−978−2757<br>Email: John_J_Stickney@fd.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>Designation: Federal Public Defender Appointment<br>Bar Status: Admitted/In Good Standing |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| 18:231(a)(3) Civil Disorder | |

**Plaintiff**

1

| | | | |
|---|---|---|---|
| USA | | represented by | J Stevenson Weimer-DOJ<br>US Attorney's Office<br>801 Cherry St<br>Suite 1700, Unit 4<br>Fort Worth, TX 76102<br>817/252-5200<br>Fax: 817-252-5455<br>Email: jay.weimer@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: US Attorney's Office*<br>*Bar Status: Admitted/In Good Standing* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 01/24/2022 | | 4 | Arrest (Rule 5) of Jason Benjamin Blythe. Case Number 1:21-cr-00537 indictment and warrant from the District of Columbia. (jah) (Entered: 01/24/2022) |
| 01/24/2022 | 1 | 5 | ELECTRONIC Minute Entry for proceedings held before Magistrate Judge Jeffrey L. Cureton: Initial Appearance Rule 5(C) as to Jason Benjamin Blythe held on 1/24/2022. Date of Arrest: 1/24/2022 On warrant from the District of Columbia; Deft executed financial affidavit; o/appointing FPD entered; Gov't not moving for detention; Deft executed PR bond & advised of conditions of pretrial release; o/setting conditions of pretrial release entered; Deft released on conditions. Attorney Appearances: AUSA - Jay Weimer; Defense - John Stickney. (No exhibits) Time in Court - :10. (Court Reporter: Digital File) (USPO Teel.) (jah) (Entered: 01/24/2022) |
| 01/24/2022 | 2 | 7 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Jason Benjamin Blythe. (Ordered by Magistrate Judge Jeffrey L. Cureton on 1/24/2022) (jah) (Entered: 01/24/2022) |
| 01/24/2022 | 3 | 8 | ELECTRONIC ORDER As to Jason Benjamin Blythe:<br><br>This written order is entered pursuant to Rule 5(f)(1) of the Federal Rules of Criminal Procedure, and is entered by the court on the first scheduled court date when both the prosecutor and defense counsel are present.<br><br>By this order –– issued to the prosecution and defense counsel –– the court confirms the disclosure obligations of the prosecutor under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and the possible consequences of violating such order under applicable law. Failure to do so may result in consequences such as the dismissal of the indictment or information, dismissal of individual charges, exclusion of evidence or witnesses, adverse jury instructions, contempt proceedings, and/or sanctions by the court. (Ordered by Magistrate Judge Jeffrey L. Cureton on 1/24/2022) (jah) (Entered: 01/24/2022) |
| 01/24/2022 | 4 | 10 | WAIVER of Rule 5(c) Hearings by Jason Benjamin Blythe (jah) (Entered: 01/24/2022) |
| 01/24/2022 | 5 | 11 | ORDER Setting Conditions of Release as to Jason Benjamin Blythe (1) Deft released on PR bond; Deft to next appear as directed by the Court or U.S. Probation Officer; see order for specific conditions. [reporting instructions were |

| | | | attached to deft's copy of this order as to his next appearance in the District of Columbia] (Ordered by Magistrate Judge Jeffrey L. Cureton on 1/24/2022) (jah) (Entered: 01/24/2022) |
|---|---|---|---|