**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **Case No. 21-cr-332-PLF** |
| **PAUL RUSSELL JOHNSON,** *et al.,* | : | |
| | : | |

**PAUL JOHNSON'S MOTION TO SEVER AND PRELIMINARY RESPONSE
TO GOVERNMENT'S SEPT. 22, 2021 FILING REGARDING THE SPEEDY TRIAL
ACT**

Pursuant to the Sixth Amendment, the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), and Federal Rule of Criminal Procedure 14(a), Paul Johnson, through counsel, moves this Court to sever his case from that of his co-accused, Stephen Randolph. Mr. Johnson requests that this Court set a trial date within a reasonable period of time. Additionally, Mr. Johnson offers this Motion as his initial response to the government's Response to the Court's Inquiry Regarding the Application of the Speedy Trial Act (Dkt. No 42) filed yesterday evening. In support of this Motion, Mr. Johnson states as follows:

## INTRODUCTION

Today marks the 164th Day that Mr. Johnson has had to live with the opprobrium of the government accusing him of significant federal crimes in a federal Indictment (Dkt. No. 15) with no immediate prospect of clearing his name by trial. During these 164 days, the government has falsely accused Mr. Johnson of being a "rioter" at the January 6, 2021 Capitol Breach. Gov't.'s Resp. to the Court's Inquiry Regarding Application of the Speedy Trial Act. ["Gov't. Resp."] at

2 (Dkt. No. 42).¹ The government has wrongly called Mr. Johnson a "Three Percenter" and thus, a member of an anti-government extremist group tracked by the Anti-Defamation League ("ADL"). Gov't. Opp'n. to Motion to Modify Cond. of Release at 22 (Dkt. No. 34). Mr. Johnson is not charged with rioting or being a member of a hate group. He has no way to push back against the government's unfair and uncharged allegations, except to go to trial. Now, the government increases the daily indignity that he must suffer by constantly delaying his Sixth Amendment Right to a Speedy Trial, codified at 18 U.S.C. § 3161(c)(1). To be fair, Mr. Johnson has been fair. Out of the five times that the government has asked a court for a Speedy Trial continuance, Mr. Johnson acquiesced four times. Memo. Op. & Order at 1 (Dkt. No. 37). By comparison, the government has failed to comply with all of Mr. Johnson's discovery requests and the entire discovery process has been a slow walk.² However, from May 6, 2021 to July 29, 2021, the government has provided approximately 835 pages of documents, 100 images, and 23 videos. Just this Tuesday, September 21, 2021, the government provided another approximately 800 pages of documents. While the government's non-case specific filing on September 20, 2021, indicated that the government still anticipates providing electronic discovery via Evidence.com and more documents via Relativity, Gov't's. Memo. Regarding Status of Discovery as of September 14, 2021 ["Gov't. Disc. Memo."] at 2-5 (Dkt. No. 40), it has already

---

¹ The term "Capitol Breach" is the government's term to describe the events of January 6, 2021 at the U.S. Capitol. Gov't. Memo. Regarding Status of Discovery as of Sept. 14, 2021 ["Gov't. Status Memo."] at 1 (Dkt. No. 40).

² As the government indicated in its latest filing, Gov't's. Resp. at 4 n. 2, on September 10, 2021, Mr. Johnson sent the government an 11-page discovery letter under Federal Rule of Criminal Procedure 16, Local Criminal Rule 5.1, Rule 3.8 of the D.C. Rules of Professional Conduct, *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny including *United States v. Nelson*, 979 F. Supp. 2d 123, 135-36 (D.D.C. 2013) (holding that the government's Brady obligation attaches pre-trial). The government has yet to respond.

missed its self-determined dates to provide discovery. *See*, *e.g.*, Gov't. Disc. Memo. at 3 (government missed the September 17, 2021 date to provide the body-worn camera evidence). Instead of choosing a smarter way to deal with the root causes that allowed for the events of January 6, 2021, the government chose, in the Age of Mass Incarceration, to charge over 500 people without a plan to respect the Sixth Amendment's right to a Speedy Trial for the accused. Mr. Johnson has been fair with dealing with the government's constant delays. Now, it is time for this Court to sever this case and allow Mr. Johnson to have what is fair—a trial.

## FACTUAL BACKROUND

On April 12, 2021, the United States District Court for the District of Columbia issued an arrest warrant charging Mr. Johnson for acts allegedly committed during the Stop the Steal rally in Washington, D.C. on January 6, 2021. On April 13, 2021, agents of the Federal Bureau of Investigation ("FBI") arrested Mr. Johnson at his Virginia home in the early morning hours.

On April 30, 2021, a grand jury indicted Mr. Johnson along with Mr. Randolph, for acts allegedly committed during the Stop the Steal rally in Washington, D.C. on January 6, 2021. The Indictment alleges eight counts against Mr. Johnson,[3] including a violation of 18 U.S.C. §§ 111(a)(1) and (b) for an alleged assault on a D.C. Capitol Police officer who fell backwards and hit her head while protestors were pushing and pulling on a metal barricade. The

---

[3] The eight counts are: (1) civil disorder, in violation of 18 U.S.C. § 231(a)(3); (2) obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2); (3) assaulting, resisting or impeding certain officers, in violation of 18 U.S.C. §§ 111(a)(1) and (b); (4) entering and remaining in a restricted building or grounds with a deadly or dangerous weapon, in violation of 18 U.S.C. §§ 1752(a)(1) and (b)(1)(A); (5) engaging in physical violence in a restricted building or grounds with a deadly or dangerous weapon and resulting in significant bodily injury, in violation of 18 U.S.C. §§ 1752(a)(2) and(b)(1)(A); (6) engaging in physical violence in a restricted building or grounds with a deadly or dangerous weapon and resulting in significant bodily injury, in violation of 18 U.S.C. §§ 1752(a)(4), (b)(1)(A), and (b)(1)(B); (7) disorderly conduct in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(D); and (8) act of physical violence in the Capitol grounds or buildings, in violation of 40 U.S.C.§ 5104(e)(2)(F).

indictment alleges a separate, standalone count against Mr. Randolph under 18 U.S.C. § 111(a)(1) for a purported second assault on a D.C. Capitol Police officer (Count 4).

As to the standalone assault count against Mr. Randolph, on publicly available video, he can be seen climbing over a metal barricade and attacking the officer by "grabbing for [his] neck." Govt's Mem. In Opp'n to Def.'s Mot. to Revoke Det. Order ["Govt's Opp'n"] at 5. Two other officers came to the officer's aid, attempting to pull Mr. Randolph off of him.

Months later, two undercover law enforcement officers visited Mr. Randolph at his place of employment and spoke with him about the events of January 6th. Mr. Randolph admitted that he was there and that "It was fucking fun." Govt's Opp'n at 7. Mr. Randolph stated that he saw the first officer get pushed over by the metal barricades and that her head bounced off the handrails by the stairs. Mr. Randolph speculated that she probably had a concussion because she was curled up in the fetal position.

At a July 27, 2021 status conference, Mr. Johnson argued that the Speedy Trial Clock should not be tolled and that his case should be set in for trial as soon as practicable. The Court disagreed, concluding that Mr. Johnson's Speedy Trial Clock is linked to the Mr. Randolph's, and that Mr. Randolph's decision to agree to the government's request for a speedy trial waiver dictates that running of the Clock for both of them. Mem. Op. & Order (July 29, 2021), ECF No. 37.

## ARGUMENT

The Federal Rules of Criminal Procedure provide a two-step process for determining whether joinder of the accused is proper in a criminal action. First, Rule 8(a) permits the government to charge multiple persons in a single indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Second, even if joinder is proper under Rule 8(a), Rule 14(a) permits a

court to sever the accused if joinder "appears to prejudice" one of them." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). The Court has "wide discretion" in determining whether to sever the trials of defendants if they have been properly joined. *United States v. Ford*, 870 F.2d 729, 730 (D.C. Cir. 1989). The Court should grant a motion to sever the trials of defendants under Rule 14 if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539; *see also United States v. Slatten*, 865 F.3d 767, 810 (D.C. Cir. 2017).

**A.     Requiring a joint trial would compromise Mr. Johnson's Sixth Amendment right to a Speedy Trial.**

The Sixth Amendment guarantees the accused's right to a Speedy Trial. U.S. Const. amend. VI. Mr. Randolph's election to waive his right to a Speedy Trial is interfering with Mr. Johnson's Sixth Amendment rights. Mr. Johnson seeks a swift resolution of the charges against him so that he can resume his normal life as a father, a small business owner, a hunter—who no longer suffers the indignity of being associated with people who rioted at the Capitol. He wishes to be free of the phone "app" that monitors his every moment and wakes him in the middle of the night as a condition of his pretrial release. Most importantly, he wants to clear his name and rebuild his reputation. Requiring a joint trial would impede Mr. Johnson's ability to achieve the swift resolution he seeks.

Under the Speedy Trial Act, Mr. Johnson asks that the Court set a trial date given that 164 days without a trial date is not a "reasonable period of delay." 18 U.S.C. § 3161(h)(6). The Speedy Trial Act provides "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." *Id.* Here, Mr. Johnson's co-defendant is willing to toll the Speedy Trial Clock, and thus, the co-defendant's time for trial has not run. Today, Mr. Johnson has filed the instant Motion and

thus, the Court must consider what is a reasonable time for delay. "Reasonableness may [] be judged in terms of prejudice to the defendant." *United States v. Darby*, 744 F.2d 1508, 1519 (11th Cir. 1984).

Here, there is prejudice to Mr. Johnson for, at least, three reasons—the Constitution, finances, and anxiety. First, he has a constitutionally created Right to Trial. Section 3161 effects that right in 70 days. It has been 164 days. The government has taken 164 days to create a discovery plan that has not come to fruition. Consequently, Mr. Johnson sits daily in a discovery No Man's Land hoping the government will finally get it right and he can exercise his Sixth Amendment Right to Trial. Second, Mr. Johnson is prejudiced because when the government takes the liberty to call him a "rioter" and a "Three Percenter," he has no way to clear his name without a trial. The longer he waits the longer Mr. Johnson's reputation is savaged by the Indictment and the government's actions. The hit to his reputation threatens his business's ability to survive. That economic threat undercuts his ability to provide for his family and pay for his legal defense. The longer this case goes, the worse it is for Mr. Johnson's economics. By comparison, the government's budget for this case far outstrips what Mr. Johnson can match. The government can afford to wait. Mr. Johnson cannot. Third, Mr. Johnson suffers the mental and psychological trauma of being caged in the Age of Mass Incarceration. He has never faced such a daunting possibility. That soul-crushing anxiety takes its toll.

**B.     There is a serious risk that the evidence of Mr. Randolph's crimes could lead the jury to erroneously convict Mr. Johnson.**

One such serious risk occurs "when the evidence against one or more defendants is 'far more damaging' than the evidence against another defendant." *United States v. Moore*, No. 18-198 (JEB), 2021 WL 1966570, at *4 (D.D.C. May 17, 2021) (quoting *United States v. Wilson*, 605

F.3d 985, 1018 (D.C. Cir. 2010)). In such cases, "the prejudicial spillover may have deprived a defendant of a fair trial." *Id.* (quoting *Wilson*, 605 F.3d at 1018). The United States Court of Appeals for the D.C. Circuit has recognized that "[t]hree kinds of prejudice warrant relief under Rule 14": first, "the jury may cumulate evidence of the separate crimes"; second, "the jury may improperly infer a criminal disposition and treat the inference as evidence of guilt"; or, third, "the defendant may become 'embarrassed or confounded' in presenting different defenses to the different charges." *Blunt v. United States*, 404 F.2d 1283, 1288 (D.C. Cir. 1968) (quoting *Drew v. United States*, 331 F.2d 85, 88 (D.C. Cir. 1964)).

Here, the jury may cumulate the evidence of the separate crimes with which Mr. Johnson and Mr. Randolph are charged. Mr. Randolph's conduct stands in stark contrast to that of Mr. Johnson's, as Mr. Johnson merely put his hands on the metal barricade and then attempted to move it out off of the officer who had fallen over. Mr. Randolph, by contrast, was pushing on the metal barricade while directly in front of the officer who fell over, and then climbed over the metal barricade and grabbed for a second officer's neck. Govt's Opp'n at 5. Mr. Johnson is in no way implicated in Mr. Randolph's second assault on a Capitol police officer, and putting evidence in front of the jury of Mr. Randolph's second assault, including a Capitol police officer testifying to his injuries, could result in a spillover that inflames the prejudices of the jury against Mr. Johnson and confuses Mr. Randolph's conduct with Mr. Johnson's.

The jury may also improperly infer from Mr. Randolph's criminal disposition that Mr. Johnson is guilty of the crimes with which Mr. Johnson is charged. This is especially the case where, as here, Mr. Randolph's alleged second assault on a police officer demonstrates "a higher level of aggression and intentionality," Govt's Opp'n at 9, than that of Mr. Johnson and made comments to undercover officers that the events of January 6th were "fucking fun," *id.* at 7.

Moreover, the second assault charge against Mr. Randolph arises from a completely separate nucleus of facts. Even the government differentiates Mr. Randolph's culpability from that of Mr. Johnson. *See* Govt's Opp'n at 1 ("Unlike many of those who engaged in violence, such as co-defendant Johnson, defendant did not stop at one act, but followed up his first assault with a second assault on law enforcement."). Trying the second, standalone assault charge against Mr. Randolph alongside the charges against Mr. Johnson puts Mr. Johnson at a very real risk that the jury will find him guilty by association as opposed to making a reliable judgment about his guilt or innocence. *See Zafiro*, 506 U.S. at 539.

**CONCLUSION**

WHEREFORE, for the reasons stated above, Mr. Johnson respectfully requests that the Court exercise its power under the Sixth Amendment, the Speedy Trial Act, and Federal Rule of Criminal Procedure 14(a) to sever his case from that of Mr. Randolph's and set a trial date in a reasonable time period.

Dated: September 23, 2021               Respectfully submitted,

                                        _____/s/_____
                                        Kobie Flowers (Bar No. 991403)
                                        BROWN GOLDSTEIN & LEVY, LLP
                                        1717 K Street, NW, Suite 900
                                        Washington, DC 20006
                                        Tel: (202) 742-5969
                                        Fax: (202) 742-5948
                                        kflowers@browngold.com

                                        Monica Basche (Bar No. MD0105)
                                        BROWN GOLDSTEIN & LEVY, LLP
                                        120 E. Baltimore Street, Suite 2500
                                        Baltimore, Maryland 21202
                                        Tel: (410) 962-1030
                                        Fax: (410) 385-0869
                                        mbasche@browngold.com

                                        *Counsel for Paul Russell Johnson*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that I caused a copy of this pleading was served on all counsel of record via the Court's electronic filing service.

                                    */s/ Kobie Flowers*
                                    Kobie Flowers

Date: September 23, 2021